1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOSUE PALMA, as an individual on behalf of himself and all others similarly situated,

            Plaintiff,

    v.

TK&K SERVICES.

            Defendant.

Case No.  1:23-cv-00434-JLT-CDB

**SCHEDULING ORDER** (Fed. R. Civ. P. 16)

Pleading Amendment Deadline: July 3, 2023

Discovery Deadlines:
   Rule 26 Disclosures: July 17, 2023
   Non-Expert: June 5, 2024
   Expert: August 12, 2024
   Mid-Discovery Status Conf.: November 8, 2023

Non-Dispositive Motion Deadlines:
   Filing:    August 21, 2024
   Hearing:  September 27, 2024, 10:30 a.m.

Dispositive Motion Deadlines:
   Filing:    October 12, 2024
   Hearing:  November 21, 2024, 8:30 a.m.

Pre-Trial Conference: January 21, 2025, 1:30 p.m.
2500 Tulare Street, Fresno, CA

Trial:  March 18, 2025, 8:30 a.m.
          2500 Tulare Street, Fresno, CA

26

27

28

      Plaintiff Josue Palma ("Plaintiff"), is a former employee of Defendant TK&K Services.

("Defendant").  In this putative class action, Plaintiff raises on behalf of himself and all others

similarly situated the following claims against Defendant: (1) recovery of unpaid minimum wages and

1

1  liquidated damages, (2) recovery of unpaid overtime wages, (3) failure to provide meal periods or

2  compensation in lieu thereof, (4) failure to provide rest periods or compensation in lieu thereof, (5)

3  failure to furnish accurate itemized wage statements, (6) failure to reimburse business expenses, and

4  (7) unfair competition.

5       The parties convened before the Court via Zoom videoconference for a scheduling conference

6  on June 27, 2023.  Brandon Kyle Brouillette appeared on behalf of Plaintiff and Chris C. Scheithauer

7  appeared on behalf of Defendant.

8  **I.      Fictitiously-Named Defendants**

9       All claims as to "Doe" Defendants, including any counterclaims and cross-claims, are hereby

10  **Dismissed**.

11  **II.     Pleading Amendment Deadline**

12       Any proposed amended pleading must be filed via stipulation or motion to amend, not later

13  than **July 3, 2023**.

14  **III.    Discovery Plan and Cut-Off Date**

15       The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1)

16  on or before **July 17, 2023**.

17       The parties are ordered to complete all discovery pertaining to non-experts on or before **June**

18  **5, 2024**, and all discovery pertaining to experts on or before **August 12, 2024**.

19       The parties are directed to disclose all expert witnesses, in writing, on or before **June 19, 2024**,

20  and to disclose all rebuttal experts on or before **July 12, 2024**.  The written designation of retained and

21  non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and

22  shall include all information required thereunder.  Failure to designate experts in compliance with this

23  order may result in the Court excluding the testimony or other evidence offered through such experts

24  that are not disclosed pursuant to this order.

25       The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to

26  experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions

27  included in the designation.  Failure to comply may result in the imposition of sanctions, which may

28  include striking the expert designation and preclusion of expert testimony.

1
2

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

3
4
5
6
7
8
9
10
11

A mid-discovery status conference is scheduled for **November 8, 2023**, at 9:00 a.m. before Magistrate Judge Christopher D. Baker.  Counsel SHALL file a joint mid-discovery status conference report no later than **one week before the conference**.  Counsel also SHALL lodge the status report via e-mail to CDBorders@caed.uscourts.gov.  The joint report SHALL outline the discovery counsel have completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order.  Counsel SHALL discuss settlement and certify in the joint status report (1) that they have met/conferred regarding settlement, and (2) proposed dates for convening a settlement conference with Magistrate Judge Baker (or an unassigned magistrate in the event the parties later consent to magistrate judge jurisdiction).

12

**IV.    Motion for Class Certification**

13
14
15
16
17
18

Pursuant to District Judge Jennifer L. Thurston's standing order (Doc. 10 p.2), motions for class certification shall be heard by the assigned magistrate judge.  Plaintiff's anticipated motion for class certification shall be filed no later than **January 12, 2024**.  Defendant's opposition to Plaintiff's motion for class certification shall be filed no later than **February 16, 2024**, and Plaintiff shall file a reply no later than **March 8, 2024**.  A hearing on the anticipated motion for class certification shall be heard on or before **March 22, 2024 at 10:30 a.m**.

19

**V.    Pre-Trial Motion Schedule**

20
21
22
23

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **August 21, 2024**,[1] and heard on or before **September 27, 2024**.  The Court hears non-dispositive motions at 10:30 a.m. at the United States District Courthouse in Bakersfield, California before Magistrate Judge Baker.

24
25

No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.  Likewise, no

26
27
28

---

[1] Non-dispositive motions related to non-expert discovery SHALL be filed within a reasonable time of discovery of the dispute, but in no event later than 10 days after the expiration of the non-expert discovery deadline.

3

written discovery motions shall be filed without the prior approval of the Court.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party promptly shall seek a hearing with all involved parties and Magistrate Judge Baker.  For these hearings and at the direction of the Courtroom Deputy Clerk, the Court may direct counsel to appear remotely (via Zoom).  For hearings noticed to occur in-person, the Court may permit counsel to appear remotely (via Zoom) provided the Courtroom Deputy Clerk receives a written notice of the request to appear remotely no later than five court days before the noticed hearing date.

At least three days before the conference, counsel SHALL file informal letter briefs detailing their positions.  The briefs may not exceed 5 pages, excluding exhibits.  Counsel must comply with Local Rule 251 with respect to discovery disputes.

All dispositive pre-trial motions shall be filed no later than **October 12, 2024,** and heard on or before **November 21, 2024 at 8:30 a.m.**  In scheduling such motions, absent consent to Magistrate Judge jurisdiction, counsel SHALL consult the assigned District Judge's general information and calendar accordingly, and SHALL comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

**VI.     Motions for Summary Judgment or Summary Adjudication**

At least 21 days before filing a motion for summary judgment or motion for summary adjudication, the parties SHALL meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party SHALL initiate the meeting and SHALL provide a complete, proposed statement of undisputed facts **at least five days before** the conference.  The finalized joint statement of undisputed facts SHALL include all facts that the parties agree, for purposes of the motion, may be

1  deemed true.  In addition to the requirements of Local Rule 260, the moving party shall file the joint

2  statement of undisputed facts.

3  In the notice of motion, the moving party SHALL certify that the parties have met and

4  conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

5  Failure to comply may result in the motion being stricken.

6  **VII.   Pre-Trial Conference**

7  **January 21, 2025**, at 1:30 p.m., located at the United States District Courthouse, 2500 Tulare

8  Street, in Fresno, California, before District Judge Jennifer L. Thurston.

9  The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2). The

10  parties are further directed to submit a digital copy of their pretrial statement in Word format, directly

11  to District Judge Thurston's chambers, by email at JLTorders@caed.uscourts.gov.

12  Counsels' attention is directed to Rules 281 and 282 of the Local Rules for the Eastern District

13  of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will

14  insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules,

15  the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to

16  explain the nature of the case to the jury during voir dire.

17  **VIII.   Trial Date**

18  **March 18, 2025**, at 8:30 a.m., located at the United States District Courthouse, 2500 Tulare

19  Street, in Fresno, California, before District Judge Jennifer L. Thurston.

20  A.   This is a jury trial.

21  B.   Counsels' Estimate of Trial Time: 3-5 days (if class is not certified).

22  C.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of

23  California, Rule 285.

24  **IX.   Settlement Conference**

25  The parties SHALL meet and confer and notify the Court prior to the Pre-Trial Conference

26  whether they wish to convene a Settlement Conference.  In the event the parties request a Settlement

27  Conference, unless otherwise permitted in advance by the Court, the attorneys who will try the case

28

5

shall appear at the settlement conference **with the parties** and the person or persons having full

authority to negotiate and settle the case on any terms[2] at the conference.

Consideration of settlement is a serious matter that requires preparation prior to the settlement

conference.  Set forth below are the procedures the Court will employ, absent good cause, in

conducting the conference.

At least twenty-one days before the settlement conference, Plaintiff SHALL submit to

Defendant via fax or e-mail, a written itemization of damages and a meaningful[3] settlement demand

which includes a brief explanation of why such a settlement is appropriate.  Thereafter, no later than

fourteen days before the settlement conference, Defendant SHALL respond, via fax or e-mail, with an

acceptance of the offer or with a meaningful counteroffer which includes a brief explanation of why

such a settlement is appropriate.

If settlement is not achieved, each party SHALL attach copies of their settlement offers to their

Confidential Settlement Conference Statement, as described below.  Copies of these documents shall

not be filed on the court docket.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five court days prior to the settlement conference, the parties shall submit, directly to

Magistrate Judge Baker's chambers by e-mail to CDBOrders@caed.uscourts.gov, a Confidential

Settlement Conference Statement.  The statement should not be filed with the Clerk of the Court nor

served on any other party, although the parties may file a Notice of Lodging of Settlement Conference

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

[3] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party.  "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party.  If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

6

1    Statement.  Each statement shall be clearly marked "confidential" with the date and time of the

2    settlement conference indicated prominently thereon.

3          The Confidential Settlement Conference Statement shall include the following:

4          A.      A brief statement of the facts of the case.

5          B.      A brief statement of the claims and defenses, i.e., statutory or other grounds upon

6    which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the

7    claims and defenses; and a description of the major issues in dispute.

8          C.      A summary of the proceedings to date.

9          D.      An estimate of the cost and time to be expended for further discovery, pretrial and trial.

10         E.      The relief sought.

11         F.      The party's position on settlement, including present demands and offers and a history

12   of past settlement discussions, offers and demands.

13   **X.    Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten**

14         **Trial**

15         None at this time.

16   **XI.   Related Matters Pending**

17         There are no pending related matters.

18   **XII.  Compliance with Federal Procedure**

19         All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure

20   and the Local Rules of the Eastern District of California, and to keep abreast of any amendments

21   thereto.  The Court requires compliance with these Rules to efficiently handle its increasing case load.

22   **XIII.  Effect of this Order**

23         The foregoing order represents the best estimate of the court and counsel as to the agenda most

24   suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the

25   parties determine at any time that the schedule outlined in this order cannot be met, counsel are

26   ordered to notify the court immediately of that fact so that adjustments may be made, either by

27   stipulation or by subsequent status conference.

28

1    The dates set in this Order are considered to be firm and will not be modified absent a showing of

2  good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines

3  contained herein will not be considered unless they are accompanied by affidavits or declarations, and

4  where appropriate attached exhibits, which establish good cause for granting the relief requested.

5    Failure to comply with this order may result in the imposition of sanctions.

6  IT IS SO ORDERED.

7

8    Dated:   **June 27, 2023**

    _____
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28