ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
JAMIE SERB, ESQ. (SBN 289601)
jamie@crosnerlegal.com
BRANDON BROUILLETTE, ESQ. (273156)
bbrouillette@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

Attorneys for Plaintiff, JOSUE PALMA
As an individual and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE PALMA, as an individual on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TK&K SERVICES, L.L.C., a Georgia limited liability company,<br><br>Defendant. | Case No.:  1:23-cv-00434-JLT-CDB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Recovery of Unpaid Minimum Wages and Liquidated Damages**<br>2. **Failure to Furnish Accurate Itemized Wage Statements**<br>3. **Failure to Timely Pay All Wages Due Upon Separation of Employment**<br>4. **Failure to Reimburse Business Expenses**<br>5. **Violations of the Private Attorneys General Act**<br>6. **Unfair Competition**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff, JOSUE PALMA ("PLAINTIFF"), an individual on behalf of himself and all other similarly situated Class Members (as defined below), and Aggrieved Employees (defined below), hereby files this First Amended Complaint against Defendant TK&K SERVICES, L.L.C. ("DEFENDANT"). PLAINTIFF is informed and believes and thereon alleges as follows:

## JURISDICTION AND VENUE

1.    DEFENDANT removed this action to this Court from the Superior Court of California, County of Los Angeles, on November 18, 2022, alleging that this Court has subject matter jurisdiction based on 28 U.S.C. sections 1331, 1332, 1367, 1441, 1446, 1453, 29 U.S.C §§ 185 *et seq*., 29 U.S.C. §§ 151-169, and 29 U.S.C. § 201, *et seq*. *See* ECF No. 1.

## THE PARTIES

2.    PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of California and a citizen of the State of California. PLAINTIFF was employed by DEFENDANT in the State of California as a non-exempt employee from in or around April 2019 through the present.

3.    PLAINTIFF worked for DEFENDANT as a refueler, driver, fuel distribution systems operator and/or similar title(s) out of DEFENDANT'S facilities located on Edwards Air Force Base in Rosamond, California.

4.    DEFENDANT is a Georgia limited liability company that, at all relevant times, were authorized to do business within the State of California and are doing business in the State of California.

5.    DEFENDANT owns, operates, or otherwise manages a business that provides services, including but not limited to, aircraft refueling services to the United States military and/or aircraft industry. Based on information and belief, DEFENDANT owns, operates or otherwise manages multiple locations/facilities in California, including but not limited to, facilities located in San Diego, California, and facilities located on Edwards Air Force Base, in including but not limited to,

2

Rosamond, California.

## CLASS ALLEGATIONS

6.        PLAINTIFF brings this action on behalf of himself, and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class PLAINTIFF seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

> All current and former non-exempt employees that worked either directly or via a staffing agency for the DEFENDANT at any location in California at any time within the four years prior to the filing of the initial Complaint ("Class Period").

a. Numerosity. While the exact number of Class Members is unknown to PLAINTIFF at this time, the Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. PLAINTIFF is informed and believes the Class consists of at least 100 individuals.

b. Common Questions of Law and Fact. This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether DEFENDANT understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum wages, under California law; (2) whether DEFENDANT provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (3) whether DEFENDANT failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (4) whether

DEFENDANT violated California Business and Professions Code sections 17200, *et seq*.

c. <u>Ascertainable Class.</u>  The proposed Class is ascertainable as members can be identified and located using information in DEFENDANT'S business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANT'S common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum wages, failure to provide accurate wage statements, and failure to reimburse business expenses.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f. A class action may be maintained pursuant to Rule 23(b)(1) because prosecuting separate actions by individual class members would create a risk of either: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (b) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

g. A class action may be maintained pursuant to Rule 23(b)(2) because

Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

h. A class action may be maintained pursuant to Rule 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

i. <u>Superiority.</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

## **FACTUAL AND LEGAL ALLEGATIONS**

7.      During the relevant period, PLAINTIFF, and each of the Class Members and Aggrieved Employees worked for DEFENDANT in the State of California. At all times referenced herein, DEFENDANT exercised control over PLAINTIFF, the Class Members, and Aggrieved Employees and suffered and/or permitted them to work.

8.      PLAINTIFF is employed by DEFENDANT as a non-exempt employee. PLAINTIFF worked for DEFENDANT as a refueler, driver, fuel distribution systems operator and/or similar title(s) from in or around April 2019 through the present. DEFENDANT assigned PLAINTIFF to work at Edwards Air Force Base in Rosamond, California. PLAINTIFF's job duties included but were not limited to, refueling airplanes as well as performing maintenance inspections on the fuel trucks and reporting those findings to the mechanics, among other job duties. PLAINTIFF regularly worked at least eight (8) hours to twelve (12) hours per day, at least five (5) days per week.

9.      At all relevant times, PLAINTIFF was a non-exempt employee that was paid on an hourly basis for time counted by DEFENDANT as hours worked.

10.      **Unpaid Minimum**. DEFENDANT failed to compensate PLAINTIFF, the Class Members, and Aggrieved Employees for all hours worked, resulting in the underpayment of minimum. DEFENDANT failed to compensate PLAINTIFF, the Class Members, and Aggrieved Employees for all hours worked by virtue of, DEFENDANT'S automatic deduction and time rounding policies, and failure to relieve employees of all duties/employer control during unpaid meal periods, as explained below.

11.      Based on information and belief, DEFENDANT implemented a policy and/or practice of rounding meal period start and end times and/or automatically deducting at least thirty minutes per shift for meal periods, despite having actual and/or constructive knowledge that PLAINTIFF, the Class Members, and Aggrieved

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Employees were subject to DEFENDANT'S control during unpaid meal periods, depriving PLAINTIFF, the Class Members, and Aggrieved Employees of all wages owed.

12.     Based on information and belief, Class members and Aggrieved Employees were not paid for all hours worked due to DEFENDANT'S policy and/or practice of requiting PLAINTIFF, the Class Members, and Aggrieved Employees to work during unpaid meal periods.  For example, on most shifts, if not every shift he worked, PLAINTIFF was forced to work through his meal period and/or had his meal period interrupted/cut short because he had to respond to work-related communications from his dispatcher, was instructed to return to work to refuel planes, perform maintenance inspections, and/or complete other work tasks.

13.     Based on information and belief, Class Members and Aggrieved Employees were not paid for all hours worked due to DEFENDANT'S policy and/or practice of rounding time entries or paying according to scheduled hours worked instead of actual time worked, and/or mandated off-the clock work policies and/or practices. For example, DEFENDANT'S issued wage statements and/or pay records evidence rounding to at least the nearest quarter, half and/or whole hour. For instance, DEFENDANT'S issued wage statement and/or pay record for PLAINTIFF for pay period beginning on 10/1/22 and ending on 10/14/22 shows exactly 64.00 regular hours worked and exactly 1.25 overtime hours worked; DEFENDANT'S issued wage statement and/or pay record for PLAINTIFF for pay period beginning 10/15/22 and ending 10/28/22 shows exactly 80.00 hours worked; DEFENDANT'S issued wage statement and/or pay record for PLAINTIFF for pay period beginning 10/29/22 and ending 11/11/22 shows precisely 64.00 regular hours worked and precisely 9.25 overtime hours worked; similarly, DEFENDANT'S issued wage statement and/or pay record for PLAINTIFF for pay period beginning 11/12/22 and ending 11/25/22 shows exactly 56.00 regular hours worked and exactly 2.00 overtime hours worked. Based on information and belief, DEFENDANT rounded to at least the nearest quarter, half

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and/or whole hour, PLAINTIFF, other Class Members', and other Aggrieved Employees' total hours worked during most if not all pay periods, resulting in the consistent underpayment of wages owed to PLAINTIFF, other Class Members, and other Aggrieved Employees.

14.     Moreover, DEFENDANT'S "Timecard Report" shows DEFENDANT shaved time off of PLAINTIFF's reported hours worked, resulting in the failure to compensate PLAINTIFF for all hours worked and the underpayment of wages owed to PLAINTIFF.  For example, DEFENDANT'S timecard report for PLAINTIFF for 2/7/22 shows a "Time In" of 4:57 AM and an "Out" time of 2:32 PM which equates to nine (9) hours and thirty-five minutes, yet, DEFENDANT'S "Hours" for that day list a mere 9:00 hours worked, thereby depriving PLAINTIFF of at least thirty-five minutes of compensable worktime on that day, resulting in the underpayment of wages owed to PLAINTIFF. Similarly, DEFENDANT'S timecard report for PLAINTIFF for 3/2/22 shows a "Time In" of 3:59 AM and an "Out" time of 1:35 PM, yet DEFENDANT "Hours' for that day list a mere 9.00 hours worked, thereby depriving PLAINTIFF of at least thirty-six minutes of compensable worktime on that day, resulting in the underpayment of wages owed to PLAINTIFF.  In fact, DEFENDANT'S time records for PLAINTIFF for including but not limited to the following dates depict at least five (5) minutes shaved from PLAINTIFF's reported worktime: January 5, 2022, January 7, 2022, January 13, 200, January 25, 2022, January 27, 2022, February 1, 2022, February 7, 2022. February 9, 2022, February 15, 2022, March 2, 2022, March 7, 2022, March 9, 2022, March 10, 2022, and March 11, 2022.  As such, DEFENDANT engaged in systemic time record manipulation to shave time off of PLAINTIFF's workdays, which resulted in the significant underpayment of minimum wages owed to PLAINTIFF.  Based on information and belief, DEFENDANT'S time records for other Class Members and Aggrieved Employees also evidence systemic time-record manipulation and/or rounding resulting in the underpayment of minimum wages owed to Class Members and

Aggrieved Employees.

15.    Moreover, based on information and belief, at times, DEFENDANT'S electronic employee time-keeping system / app malfunctioned such that Class Members and Aggrieved Employees were required to either reinitiate and/or otherwise troubleshoot the system / app prior to being able to clock in and/or were unable to clock in at all for the start of their shifts, resulting in off-the-clock work and the underpayment of wages owed to Class Members and Aggrieved Employees. Based on information and belief, Class Members and other Aggrieved Employees experienced the same issues when clocking out for shifts.  This time spent under DEFENDANT'S control was not recorded and not compensated and resulted in unpaid minimum wages owed to Class Members and Aggrieved employees.

16.    Based on information and belief, PLAINTIFF, other Class Members, and Aggrieved Employees were required to complete other off-the-clock work tasks before clocking in for the beginning of their shifts and/or after clocking out for the end of their shifts and/or during meal periods, resulting in the underpayment of minimum wages owed to PLAINTIFF, other Class Members, and Aggrieved Employees.

17.    For example, based on information and belief, DEFENDANT did not compensate Class Members and Aggrieved Employees for time spent donning and doffing personal protective equipment and/or uniforms/work clothing (e.g., gloves, reflective vests, earplugs and/or protective eyewear) during meal periods, before the start of a scheduled shift, and/or after completing a scheduled shift, resulting in off-the-clock work and the underpayment of wages owed to Class Members and Aggrieved Employees.

18.    Based on information and belief, Class Members and Aggrieved Employees were also required to complete off-the-clock work outside of scheduled shifts due to work-related phone calls and/or messages they received to their phones and were required to respond to, including but not limited to, communications from

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

supervisors and/or other Class Members and Aggrieved Employees regarding scheduling and/or other work tasks, resulting in the underpayment of wages owed to Class Members and Aggrieved Employees.

19.    Based on information and belief, DEFENDANT failed to pay Class Members and Aggrieved Employees for time they were required to spend completing orientation, policy questionnaires, and/or time spent completing the onboarding process including but not limited to reviewing various documents and policies provided by DEFENDANT. Based on information and belief, this work time was completed off-the-clock and was not compensated.

20.    Based on further information and belief, DEFENDANT implemented a time-rounding system that as applied systematically deprived PLAINTIFF, other Class Members, and Aggrieved Employees of compensable time because the time-rounding system implemented by DEFENDANT would almost always, if not always, result in understating actual compensable work time. For example, as explained above, DEFENDANT issued wage statements to PLAINTIFF that evidence rounding to at least the nearest quarter, half and/or whole hour. Based on information and belief, DEFENDANT rounded to at least the nearest quarter, half and/or whole hour, PLAINTIFF's, other Class Members', and Aggrieved Employees' total hours worked during most if not all pay periods, resulting in the consistent underpayment of wages owed to PLAINTIFF, other Class Members, and Aggrieved Employees.

21.    DEFENDANT'S failure to pay for all time worked by virtue of its time rounding, auto-deduction policies and practices, and/or other off-the-clock work practices and policies, resulted in the underpayment of minimum wages owed to PLAINTIFF, Class Members, and Aggrieved Employees.

22.    Based on information and belief, DEFENDANT had actual and/or constructive knowledge that its time rounding policies/practices, auto-deduction policies and practices, and/or other off-the-clock work resulted in the underpayment of minimum wages owed to PLAINTIFF other Class Members, and other Aggrieved

1    Employees in violation of California's minimum wage laws.

2    23.    **Inaccurate Wage Statements**. During the relevant period,

3    DEFENDANT failed to provide PLAINTIFF, other Class Members, and Aggrieved

4    Employees with accurate wage statements that complied with Labor Code section

5    226. As DEFENDANT failed to pay PLAINTIFF, Class Members, and Aggrieved

6    Employees for all hours worked, the wage statements DEFENDANT issued to

7    PLAINTIFF, Class Members, and Aggrieved Employees failed and continue to fail

8    to correctly set forth the gross wages earned, the total hours worked, the net wages

9    earned, and all applicable hourly rates in effect during the pay period and the

10   corresponding number of hours worked at each hourly rate by the employee.

11   24.    DEFENDANT issued wage statements to PLAINTIFF, Class Members,

12   and Aggrieved Employees that also failed to indicate the earned gross and net wages

13   earned during the pay period, the correct applicable rates of pay for all hours worked,

14   and the total hours worked by PLAINTIFF, Class Members, and Aggrieved

15   Employees (by virtue of rounded time entries, automatic deduction for meal

16   periods/failure to relieve Class Members of all duties and employer control during

17   unpaid meal periods, payment according to scheduled hours worked rather than actual

18   hours worked, and/or other off-the-clock work policies and practices) which results

19   in a violation of Labor Code section 226(a). For example, DEFENDANT'S wage

20   statements issued to PLAINTIFF show DEFENDANT rounded PLAINTIFF's hours

21   worked to at least the nearest quarter, half and/or whole hour, thereby failing to list

22   the accurate number of hours PLAINTIFF worked on DEFENDANT'S issued wage

23   statements.

24   25.    As a result, DEFENDANT issued wage statements to PLAINTIFF, Class

25   Members, and Aggrieved Employees that were not accurate and did not include all of

26   the statutorily required information. As such, DEFENDANT violated Labor Code

27   section 226.

28   26.    **Failure to Timely Pay All Wages Upon Separation of Employment**.

Based on information and belief, DEFENDANT failed to timely pay PLAINTIFF, Class Members, and Aggrieved Employees all wages that were due and owing upon termination or resignation. Based on information and belief, DEFENDANT untimely provide final wages to PLAINTIFF, Class Members, and Aggrieved Employees without regard to the timing requirements of Labor Code sections 201-202.

27.    Upon separation of employment, PLAINTIFF's, Class Members', and Aggrieved Employees' final paychecks were not timely provided with all owed wages, sick pay earnings, and vacation pay and/or paid time off. Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all wages owed as they were devoid of, including but not limited to, all owed minimum wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates (including but not limited to, all owed vacation pay/paid time off paid at the final rate including non-discretionary compensation).

28.    These violations subject DEFENDANT to civil penalties under Labor Code section 203, 210, and/or 256.

29.    **Unreimbursed Business Expenses**. Based on information and belief, DEFENDANT required PLAINTIFF, Class Members, and Aggrieved Employees to incur business expenses as a direct consequence of the performance of their job duties without providing reimbursement, in violation of Labor Code section 2802. Based on information and belief, PLAINTIFF, Class Members, and Aggrieved Employees were improperly required to provide and maintain work tools that are supposed to be the responsibility of the employer.

30.    Based on information and belief, DEFENDANT shifted the costs of doing business onto Class Members and Aggrieved Employees by requiring them to pay for business expenses, including but not limited to, uniforms/work clothing/safety/protective equipment and/or the use of Class Members' and Aggrieved Employees' personal mobile phone and data usage for work-related purposes including but not limited to receiving and responding to work related

1 messages and/or phone calls.

2       31.    For example, DEFENDANT required PLAINTIFF to download a time-
3 keeping application on his personal cell phone to use to clock in and out for his shifts
4 each day he worked.  DEFENDANT did not reimburse PLAINTIFF at all for this use
5 of PLAINTIFF's personal mobile phone and data usage for work-related purposes.
6 Based on information and belief, PLAINTIFF, other Class Members and Aggrieved
7 Employees also received calls/messages to their personal cell phones/mobile devices
8 from supervisors and/or other Class Members and/or Aggrieved Employees regarding
9 scheduling and/or other work tasks but were not provided any reimbursement from
10 DEFENDANT for this business use of their personal devices.

11       32.    Also, Class Members and Aggrieved Employees were required to
12 purchase and/or maintain uniforms/work clothing/safety/protective equipment and/or
13 tools required to carry out their assigned job duties.  For example, at times,
14 PLAINTIFF had to supply his own earplugs and/or gloves he required for work, but
15 DEFENDANT provided no reimbursement for these business expenses.

16       33.    Based on information and belief, Class Members and Aggrieved
17 Employees were not reimbursed for the business use of their personal vehicles,
18 including mileage, wear and tear, and gas when they were required to drive their
19 personal vehicles between and/or around DEFENDANT'S job sites/facilities and/or
20 otherwise use their personal vehicles for DEFENDANT'S business purposes.

21       34.    Based on information and belief, DEFENDANT regularly failed to
22 reimburse and indemnify Class Members and Aggrieved Employees for business
23 expenses. Pursuant to California Labor Code section 2802, PLAINTIFF, Class
24 Members, and Aggrieved Employees were entitled to be reimbursed for all reasonable
25 expenses associated with carrying out DEFENDANT'S orders and/or carrying out the
26 duties assigned by DEFENDANT.

27       35.    DEFENDANT'S failure to provide Class Members and Aggrieved
28 Employees with full reimbursement for all reasonable expenses associated with

carrying out their duties required that Class Members and Aggrieved Employees subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

36.    PLAINTIFF is informed and believes and alleges thereon that DEFENDANT engaged in these same herein described unlawful practices and that DEFENDANT applied these same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

## FIRST CAUSE OF ACTION
### Recovery of Unpaid Minimum Wages and Liquidated Damages
### (By PLAINTIFF and the Class Members Against DEFENDANT)

37.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

38.    Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage.  Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

39.    DEFENDANT violated California's minimum wage laws by failing to compensate PLAINTIFF and the Class Members for all hours worked by virtue of, among other things, DEFENDANT'S time rounding, automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to scheduled hours worked rather than actual hours worked (described above), which resulted in the failure to account for all hours worked and thus the denial of minimum wages.

40.    DEFENDANT had and continue to have a policy of failing to pay PLAINTIFF and Class Members for all hours worked.

41.    Based on information and belief, DEFENDANT had actual or constructive knowledge that its time-rounding policies and practices, auto-deduction policies and practices for meal periods, failure to relieve employees of all duties and employer control during unpaid meal periods, policy and practice of payment according to scheduled work time rather than actual work time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members.

42.    Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus attorney's fees and costs, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### Failure to Furnish Accurate Itemized Wage Statements
### (By PLAINTIFF and the Class Members Against DEFENDANT)

43.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

44.    Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the

corresponding number of hours worked at each hourly rate by the employee.

45. Due to Defendant's failure to pay regular and minimum wages for all hours worked, and failure to pay all sick leave wages at the proper rates, DEFENDANT violated California Labor Code § 226 by willfully failing to furnish PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross and net wages earned and the correct applicable rates of pay for all hours worked. Based on information and belief, DEFENDANT failed to incorporate all forms of non-discretionary compensation earned during the pay period into the regular rate of pay for purposes of calculating sick leave wages, and as such, failed to display the proper rate(s) for sick leave worked by PLAINTIFF and other Class Members.

46. As explained above, wage statements issued by DEFENDANT failed to list the "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class Members of all duties and employer control during unpaid meal periods, payment according to scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies and practices all described in greater detail *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v. Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337).

47. DEFENDANT'S failure to accurately list all hours worked on all wage statements caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class Members over whether they received all wages owed to them.

48. As a result, PLAINTIFF and other Class Members have suffered injury as they could not easily determine whether they received all wages owed to them and whether they were paid for all hours worked.

49.     DEFENDANT'S knowingly and intentionally failed to provide PLAINTIFF and Class Members with accurate, itemized wage statements.

50.     As a result of DEFENDANT'S unlawful conduct, PLAINTIFF and Class Members have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to DEFENDANT'S unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANT'S conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, PLAINTIFF and Class Members are required to participate in this lawsuit and create more difficulty and expense from having to reconstruct time and pay records than if DEFENDANT had complied with its legal obligations.

51.     Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

52.     Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are entitled to bring an action for injunctive relief to ensure DEFENDANT'S compliance with California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANT continue to provide currently employed Class Members with inaccurate wage statements in violation of California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANT'S ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANT'S compliance with California Labor Code § 226(a).

53.     Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF

and Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

## THIRD CAUSE OF ACTION
### Failure to Timely Pay All Wages Due Upon Separation of Employment
### (By PLAINTIFF and the Class Members Against all DEFENDANT)

54.    PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

55.    California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

56.    California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment,  his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of  his or her intention to quit, in which case the employee is entitled to  his or her wages at the time of quitting."

57.    Based on information and belief, DEFENDANT failed and continues to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks once provided to PLAINTIFF and Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

58.    Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANT are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

### FOURTH CAUSE OF ACTION
**Failure to Reimburse Business Expenses**
**(By PLAINTIFF and the Class Members Against DEFENDANT)**

59.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

60.    California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees incurred by the employee enforcing the rights granted by this section."

61.    Among other things, under California law, when employees must use their personal cellphones for work-related purposes, the employer must reimburse them for a reasonable percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228 Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was required to use their personal cellphone for work-related purposes and not reimbursed for the use. Id. 1144-1145. California law also requires employers to reimburse employees for automobile expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

62.    As described above, PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer.

63.    DEFENDANT'S failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

64.    As a result of DEFENDANT'S unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

65.    Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable attorneys' fees, and costs of suit.

**FIFTH CAUSE OF ACTION**
**Violation of the Private Attorneys General Act of 2004**
**(By PLAINTIFF and the Aggrieved Employees Against DEFENDANT)**

66.    PLAINTIFF incorporates all preceding paragraphs as if full alleged herein.

67.    PLAINTIFF brings this action under the Private Attorneys General Act of 2004, Labor Code sections 2698, et seq., ("PAGA"), as a representative action on behalf of the State of California and Aggrieved Employees, regarding violations of the California Labor Code as set forth herein as to all Aggrieved Employees. Said "Aggrieved Employees" include:

> All current and former non-exempt employees that worked either directly or via a staffing agency for DEFENDANT at any location in California at any time from one year plus 65 days from the filing of the this First Amended Complaint through the present ("PAGA Period").

68.    PLAINTIFF is an "aggrieved employee," as that term is defined under Labor Code section 2699(c), as PLAINTIFF was employed by DEFENDANT during the applicable statutory limitations period and suffered one or more of the Labor Code violations set forth herein. Accordingly, PLAINTIFF seeks to recover on behalf of the State of California and all Aggrieved Employees, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs. PLAINTIFF has standing to bring a PAGA cause of action on behalf of the State and all Aggrieved Employees, as

20

1  PLAINTIFF was employed by DEFENDANT and is thereby affected by one or more
2  of the alleged violations. See *Huff v. Securitas Security Services USA, Inc.* (2018) 23
3  Cal.App.5th 745, 757. A PAGA plaintiff has authority to seek penalties for all known
4  violations committed by the employer - regardless of whether Plaintiff experienced
5  all violations personally. *Id*. at 760-761.

6  <u>**COMPLIANCE WITH PAGA'S NOTIFICATION REQUIREMENTS**</u>

7      69.    On February 13, 2023, PLAINTIFF, through counsel, gave written
8  notice by online filing with the California Labor and Workforce Development Agency
9  ("LWDA") informing it that DEFENDANT failed to comply with California's labor
10 laws with regard to the allegations alleged in this Complaint ("PAGA Notice").

11     70.    The LWDA did not provide notice of its intention to investigate
12 DEFENDANT'S violations after expiration of the 65-day waiting time period, or at
13 any time. To the extent any of the alleged violations were curable, DEFENDANT
14 failed to cure within the time allotted by PAGA. PLAINTIFF has exhausted the
15 administrative remedies as required by Labor Code section 2699.3. Consequently,
16 PLAINTIFF's right to file the instant lawsuit has duly accrued.

17     71.    PLAINTIFF seeks to recover the PAGA civil penalties through a
18 representative action permitted by PAGA and the California Supreme Court in *Arias*
19 *v. Superior Court* (2009) 46 Cal.4th 969.  Therefore, class certification of the PAGA
20 claims is not required.

21     72.    From one year prior to PLAINTIFF's filing of the required PAGA
22 notice with the LWDA, and continuing through the present, as alleged herein,
23 DEFENDANT violated California Labor Code sections, 201-203, 204, 210, 223, 226,
24 245-248.5, 558, 558.1, 1194, 1197, 1197.1, 1198, 1198.5, 1199, 2802, and all
25 applicable Wage Orders.

26     73.    As set forth above, DEFENDANT has committed numerous violations
27 of the California Labor Code due to including but not limited to their failure to pay
28 all owed minimum wages, failure to provide accurate wage statements, and failure to

reimburse business expenses as alleged above. PAGA penalties are in addition to any other relief available under the Labor Code.

74.     Additionally, DEFENDANT has violated the following Labor Code sections and provisions of the applicable Wage Order as to the Aggrieved Employees.

**Failure to Pay All Wages Due Upon Separation of Employment**

75.     California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

76.     California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

77.     Based on information and belief, DEFENDANT failed and continues to fail to timely pay final wages to Aggrieved Employees upon separation of employment in violation of Labor Code section 201-202. Upon separation of employment, Aggrieved Employees' final paychecks were not timely provided and/or were not timely provided with all owed vacation pay and/or paid time off. Moreover, final paychecks once provided to Aggrieved Employees do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

78.     Under Labor Code section 203, Aggrieved Employees who are no longer employed by DEFENDANT is entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

**Semimonthly Payment Violations**

79.     California Labor Code section 204 requires that all earned wages must

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  be paid to employees twice during each calendar month.

2      80.     Based on information and belief, DEFENDANT failed and continues to

3  fail to pay Plaintiff and other Aggrieved Employees all earned wages on a

4  semimonthly basis in compliance with Labor Code section 204 by virtue failing to

5  pay employees for all hours worked as described herein.

6      81.     Under Labor Code section 210, these violations subject DEFENDANT

7  to civil penalties under Labor Code section 210. Each violation results in a separate

8  civil penalty, for each AGGRIEVED EMPLOYEE for each pay period during which

9  the statute's provisions were violated.

10          **Record Keeping Violations**

11     82.     California Labor Code § 1174 requires employers to keep "accurate and

12  complete" payroll records showing, among other things, the hours worked daily by

13  all non-exempt employees.  All applicable Wage Orders § 7 similarly requires

14  employers to keep time records reflecting the times during which all owed meal

15  periods were provided each day.

16     83.     Due to DEFENDANT's automatic meal break deductions, failure to

17  relieve employees of all duties and employer control during meal periods, time

18  rounding and/or payment according to scheduled hours rather than actual hours

19  worked, and other off-the-clock work policies and practices described above,

20  DEFENDANT failed, and continues to fail, to keep accurate and complete records as

21  required by law, including but not limited to the following records: total daily hours

22  worked, applicable rates of pay, time records showing when PLAINTIFF and other

23  Aggrieved Employees began and ended each work period, time records of meal

24  periods, shift start times and end times, and accurate itemized wage statements.

25     84.     DEFENDANT's failure to keep "accurate and complete" payroll records

26  for PLAINTIFF and other Aggrieved Employees violates Labor Code §§ 1174 , and

27  all applicable Wage Orders, section 7.

28          **Standard Conditions of Labor Violations**

85.    Together, Labor Code sections 1198 and 1199 make unlawful any employment of any employee under conditions of labor prohibited by the Wage Orders, and any violation, refusal, or neglect to comply with any provision within Part 4, Chapter 1 of the Labor Code, including sections 1174, 1197, and 1198, or order or ruling of the commission.   Therefore, DEFENDANT's violations with respect to record keeping provisions, business expenses, and minimum wages result in separate violations of sections 1198 and 1199, which subject DEFENDANT's to civil penalties under Labor Code sections 1197.1 and 2699.

**Refusal to Make Payment**

86.    Labor Code section 216 declares unlawful an employer's refusal to pay wages due and payable and/or the denial of the validity of any claim to wages due. DEFENDANT violated and continue to violate this section by failing to pay PLAINTIFF and Aggrieved Employees for all hours worked at the proper wage rate. *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137, 1154-1155. These violations subject DEFENDANT to civil penalties under Labor Code section 225.5.   Each violation results in a *separate* civil penalty, for each Aggrieved Employee, for each pay period during which the statute provisions were violated.[1]

**Statutory Wage Violations**

California Labor Code section 223 makes it unlawful for an employer to secretly pay wages lower than required by statute while purporting to pay legal wages. As described above, DEFENDANT willfully and systematically denied PLAINTIFF and Aggrieved Employees of all earned minimum wages for all hours worked which resulted in the payment of less than statutorily required wages. DEFENDANT acted with the intent to deprive them of statutory wages, including, but not limited to, minimum wages, to which they were entitled to under California law. Thus,

---

[1] Labor Code § 225.5 (establishing that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of sections 212, 216, 221, 222, or 223 shall be subject to a civil penalty…for each failure to pay each employee") (emphasis added).

DEFENDANT paid PLAINTIFF and other Aggrieved Employees lower wages than those they were entitled to while purporting that PLAINTIFF and other Aggrieved Employees were properly paid. As a result, PLAINTIFF and other Aggrieved Employees are entitled to recover penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code § 2699(f)-(g).

### Sick Leave Violations

88.           DEFENDANT violated California's paid sick leave laws including, Labor Code section 245-248.5 and 233-234. DEFENDANT either failed to provide sick leave pay to PLAINTIFF and other Aggrieved Employees or failed to properly accrue paid sick leave due to DEFENDANT'S failure to account for actual hours worked (as a result of the rounding/automatic deduction policies and practices for meal periods and/or shift start and end times/other required off-the-clock work including but not limited to work completed during unpaid meal periods) and by failing to incorporate multiple rates of pay and/or all non-discretionary remuneration, including but not limited to, non-discretionary bonuses, shift differential pay, commission and/or piece-rate compensation and/or other non-discretionary compensation into the sick leave pay rate calculation.

89.     DEFENDANT further failed to give PLAINTIFF and other Aggrieved Employees notice of their paid sick leave rights – or thereby putting their entitlement to sick leave in a Labor Code section 2810.5 notice. In addition, DEFENDANT failed to maintain accurate records of used sick leave and the balance of paid sick leave left to the employees, which affected PLAINTIFF and Aggrieved Employees' intelligent exercise of their paid sick leave.

90.     But for this failure, PLAINTIFF and other Aggrieved Employees would have used their paid sick leave at least prior to their respective separations, for as on several occasions thereafter, he or she would have been entitled to use the banked sick leave and earn appropriate compensation.

91.     In violation of Labor Code section 247.5, DEFENDANT failed to

maintain records documenting the hours worked and paid sick days accrued and used by PLAINTIFF and all Aggrieved Employees, permitting the presumption that PLAINTIFF and all Aggrieved Employees were entitled to the maximum number of hours accruable.

92.    Upon information and belief, DEFENDANT failed and continues to fail to comply with Labor Code section 246, by failing to provide PLAINTIFF and all Aggrieved Employees with a Labor Code section 226 wage statement, or separate writing containing the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, at the time it pays wages.

93.    These practices violated California's sick leave laws, Labor Code section 245, *et seq.*

94.    On information and belief, PLAINTIFF alleges that all of these practices were experienced and continue to be experienced by other Aggrieved Employees.

95.    Accordingly, PLAINTIFF seeks all appropriate relief under the PAGA, the aforementioned code provisions including but not limited to Labor Code section 233 and 234, and seeks injunctive relief, attorney's fees, declaratory relief, and penalties as permitted by law.

**Failure to Pay Vested Vacation/Paid Time Off**

96.    California Labor Code section 227.3 provides that when an employer policy provides for paid vacations and/or paid time off, and an employee is terminated without having taken off his, her, or their vested vacation time, all vested vacation shall be paid to the employee as wages at the employee's final rate in accordance with such contract of employment or employer policy respecting eligibility or time served and that there shall be no forfeiture of vested vacation time or paid time off upon termination.

97.    Based on information and belief, DEFENDANT had and continue to have a uniform policy and practice of failing to allow Aggrieved Employees to use their earned vacation/paid time off during their employment and failing to pay all

vested, accrued paid time off to Aggrieved Employees upon separation of employment, in violation of California law, including but not limited to, Labor Code section 227.3.

98.    On information and belief, PLAINTIFF alleges that all of these practices were experienced and continue to be experienced by other Aggrieved Employees.

99.    Under the provisions of PAGA and the above-mentioned Labor Code sections, including but not limited to Labor Code sections 201-203, 204, 210, 223, 225.5, 226, 245-248.6, 256, 558, 558.1, 1194, 1197, 1197.1, 1198, 1199, 2699, 2699.3, 2802, DEFENDANT is liable for the following penalties:

a.    All statutorily-specified penalties recoverable under PAGA as enumerated in the relevant California Labor Code provisions listed herein only if permitted by the PAGA statute, pursuant to Labor Code section 2699(a); and

b.    Default PAGA penalties for any violation of the enumerated list of Labor Code violations without a civil penalty recoverable under the PAGA, all in the default amounts provided by Labor Code section 2699(f).

**SIXTH CAUSE OF ACTION**
**Unfair Competition**
**(By PLAINTIFF and the Class Members Against all DEFENDANT)**

100.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

101.    DEFENDANT'S unlawful conduct alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANT'S failure to pay minimum wages by virtue of its illegal policies and practices; DEFENDANT'S failure to furnish complete and accurate itemized wage statements; DEFENDANT'S failure to reimburse business expenses; and DEFENDANT'S failure to provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to, including but not limited to,

DEFENDANT'S failure to incorporate all non-discretionary compensation into the sick pay calculation and failure to base the accrued sick leave on the correct number of hours worked as a result of DEFENDANT'S time-rounding/auto deduction policies and practices, payment according to scheduled hours worked and/or other off-the-clock work policies and practices).

102.  Due to DEFENDANT'S unfair and unlawful business practices in violation of the California Labor Code, DEFENDANT has gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to reimburse employees for all business expenses, to pay all owed minimum wages.

103.  As a result of DEFENDANT'S unfair competition as alleged herein, PLAINTIFF and Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, *et seq*., PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANT failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

104.  PLAINTIFF also seeks an injunction against DEFENDANT on behalf of the Class Members, enjoining DEFENDANT and any and all persons acting in concert with them from engaging in each of the unlawful practices and policies set forth herein.

105.  PLAINTIFF also seeks an award of attorney's fees pursuant to Code Civ. Proc Section 1021.5 and as permitted by law, and an award for costs reasonably incurred, as permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and Class Members as follows:

1.  For an order that the action be certified as a class action;

2.  For an order that PLAINTIFF be appointed as class representative;

3.  For an order that counsel for PLAINTIFF be appointed as class counsel;

4.  For compensatory damages according to proof;

5.  For liquidated damages according to proof;

6.  For penalties according to proof;

7.  For an order requiring DEFENDANT to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8.  For an order finding DEFENDANT has engaged in unfair competition in violation of section 17200, *et seq*., of the California Business and Professions Code;

9.  For an order enjoining DEFENDANT from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.

Dated:  July 19, 2023                         **CROSNER LEGAL, PC**

By: _____
      Zachary M. Crosner, Esq.
      Jamie Serb, Esq.
      Brandon Brouillette, Esq.
      Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury on all claims so triable.

Dated:  July 19, 2023                               **CROSNER LEGAL, PC**


By: _____
Zachary M. Crosner, Esq.
Jamie Serb, Esq.
Brandon Brouillette, Esq.
Attorneys for Plaintiff